IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KATHLEEN D. BATTAGLIA, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. JFM-06-0102 |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |
| Defendant | * | |
| | * | |
| | ***** | |

MEMORANDUM

This case arises out of an automobile accident in which defendant Kaminski-Donaher rear-ended plaintiff Battaglia, while Kaminski-Donaher was acting within the scope of her employment with the Army Corps of Engineers.  The United States has been substituted as the defendant in place of Kaminski-Donaher, and it has now filed a motion to dismiss.  For the reasons stated below, the United States' motion to dismiss is granted.

I.

On May 9, 2002, plaintiff Kathleen Battaglia ("Battaglia") was stopped at the Rt. 22 gate to the Aberdeen Proving Ground.  Defendant Kim Carol Kaminski-Donaher ("Kaminski-Donaher") was approaching the same gate in a vehicle rented from Alamo Rent-a-Car ("Alamo").  Kaminski-Donaher approached Battaglia's vehicle from behind, allegedly in a negligent manner, and collided with it.  Battaglia was injured as a result of the collision.

In June 2003, Battaglia's insurance company, Erie Insurance Group ("Erie") filed an administrative claim for property damage to Battaglia's vehicle, acting as Battaglia's subrogee.  Mot. to Dismiss, ex. 1.  This claim alleged only property damage, and affirmatively denied any

personal injury.  *Id.*  In January 2004, Battaglia's attorney contacted the Office of the Staff Judge

Advocate notifying them of the accident and stating "Please accept this letter as formal notice of

[Battaglia's] claim against the Federal Government for compensation."  Answer to Mot. to

Dismiss, ex. 1; Supplemental filing; Answer to Mot. to Dismiss at 1.  The letter did not indicate

any dollar value for Battaglia's claim.

Three months later, Battaglia was contacted by a litigation specialist at Vanguard Car

Rental Claims, Inc. ("Vanguard"), who informed Battaglia that Vanguard was investigating the

accident on behalf of Alamo.[1]  Answer to Mot. to Dismiss at 1-2.  Over the next several months,

Battaglia received further information from Vanguard, including the statement that Kaminski-

Donaher had given Vanguard a contact at the Army Corps of Engineers, and that the Corps of

Engineers had returned Vanguard's calls.  Answer to Mot. to Dismiss at 1-2.  Vanguard notified

Battaglia in July 2004 that it was accepting coverage for the accident.  *Id.*  Vanguard then began

negotiating with Battaglia in the interest of reaching a settlement.  *Id.* at 2; Letter from Vanguard

5/29/05, Answer to Mot. to Dismiss ex. 3 (referencing an "offer of $7,500.00").

On May 6, 2005, Battaglia filed the instant personal injury suit against Kaminski-

Donaher in Maryland State Court, seeking $50,000 in damages.  The United States Attorney,

acting for the Attorney General, certified that Kaminski-Donaher was acting within the scope of

her employment at the time of the accident.  Rosenstein Certification, Docket No. 5.  The United

States was then substituted as defendant in Kaminski-Donaher's place.  Order Granting Mot. to

---

[1]The United States explains that Vanguard entered the picture because the United States
has an agreement with several car rental agencies, including Alamo, whereby federal employees
rent cars through those agencies and in return the agencies indemnify the United States for third-
party claims arising out of the operation of rented vehicles by federal employees.  Reply at 2.
Vanguard acts as a third party claims administrator for Alamo.  *Id.*

Substitute, Docket No. 10.

In late February 2006, the United States filed the instant motion to dismiss, arguing that 1) Battaglia did not file an administrative claim first as required under the Federal Tort Claims Act ("FTCA") and 2) Battaglia's claim is barred by the applicable statute of limitations. Battaglia claims in response that she reasonably believed Kaminski-Donaher was not acting within the scope of her employment.[2]  Battaglia asks this Court to deny the motion to dismiss, reinstate Kaminski-Donaher as the defendant in this case, and remand the case to Maryland state court for further proceedings.

## II.

The United States argues that because Battaglia did not file an administrative claim as required by the FTCA, her complaint must be dismissed under Rule 12(b)(1).  *Id.* (citing FED. R. CIV. P. 12(b)(1)).

The FTCA provides for a narrow waiver of sovereign immunity, whereby:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. §2401(b); *see also United States v. Kubrick*, 444 U.S. 111, 113 (1979).  As the Supreme Court has noted, the statute of limitations in the FTCA is a condition of the government's waiver of immunity, and the courts "should not take it upon ourselves to extend

---

[2]It is notable that although Battaglia claims that she believed Kaminski-Donaher was not acting within the scope of her employment, the letter sent by Battaglia's counsel on the Office of the Staff Judge Advocate on January 20, 2004 (well within the statutory period) is explicitly characterized as "formal notice" of a claim against the Federal Government.  Supplemental Filing at 1.

the waiver beyond that which Congress intended". *Kubrick*, 444 U.S. at 117-18.

Battaglia argues that the statutory period did not commence until she discovered that Kaminski-Donaher was acting within the scope of her federal employment. This contention is without merit. The Fourth Circuit and the Supreme Court have both explained that the FTCA statute of limitations begins to run when the plaintiff knows of the injury and its cause. *Kubrick*, 444 U.S. at 120; *Gould v. U.S. Dep't of Health and Human Services*, 905 F.2d 738, 742 (4th Cir. 1990), *cert. denied* 498 U.S. 1025 (1991). The *Gould* court explicitly rejected the assertion that the plaintiff's claim did not accrue until he learned the potential tortfeasor was a federal employee. *Gould*, 905 F.2d at 743. The burden was Battaglia's to determine the validity of her legal claim and find the proper defendant. *Id.* at 744 (citing the "well-established rule ... that once a prospective plaintiff learns of his injury, he is on notice that there may have been an invasion of his legal rights and that he should investigate whether another may be liable to him"). Battaglia was required to present her claim in writing to a federal agency on or before May 9, 2004, two years from the date of the accident. She did not do so. Her letter to the Staff Judge Advocate does not suffice because it does not name the amount of damages sought, even though it purported to constitute "formal notice of [Battaglia's] claim against the Federal Government". Supplemental Filing at 1. In *College v. United States*, a letter was sent by plaintiff's counsel to the Air Force after the plaintiff was injured when a bar stool at a Non-Commissioned Officer's Club collapsed. *College*, 572 F.2d 453, 454 (4th Cir. 1978). Similar to Battaglia's, the letter stated that an accident had occurred, resulting in a permanent injury, which the plaintiff believed to be due to negligence, and that the plaintiff had received medical treatment on specific dates. *Id.* The Fourth Circuit held that because the letter did not state the

amount of damages sought, it could not constitute written presentment for purposes of the FTCA. *Id.*

Nor can Battaglia's filing the suit in Maryland State Court constitute presentment. The Fourth Circuit rejected the contention that commencing a civil suit served as presentment for purposes of the FTCA in *Henderson v. United States*. 785 F.2d 121, 124 (4th Cir. 1986). The *Henderson* court then noted that "dismissal is mandatory when a plaintiff fails to file a claim with the proper administrative agency." *Id.*

### III.

Battaglia further asserts that Kaminski-Donaher "should be estopped from shielding herself from liability when there is evidence she was not acting within the scope of her employment", and asks this Court to deny the motion to dismiss and reinstate Kaminski-Donaher as defendant.[3] Answer to Mot. to Dismiss at 2. That argument is likewise unavailing. The United States Attorney's certification that a government employee was acting within the scope of her employment at the time of the incident complained of serves as prima facie evidence and places the burden on the plaintiff to prove that the employee was acting outside the scope of her employment. *Gutierrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d 1148, 1154 n.5 (4 Cir. 1997) (citing 28 U.S.C. § 2679(d)(2)). Battaglia has presented absolutely no evidence to meet that burden here.

A separate order effecting the ruling made in this memorandum is being entered herewith.

---

[3]Battaglia also requests that if Kaminski-Donaher is reinstated as the defendant, the action should be remanded to state court. I need not decide that question in light of my ruling that Kaminski-Donaner should not be reinstated as the defendant.

Date: April 10, 2006                    /s/_____
                                        J. Frederick Motz
                                        United States District Judge